IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY MICHAEL SPROUSE, ) | |
|     Plaintiff, ) | Civil Action No. 7:22-cv-00233 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| DR. TIMOTHY JANA, *et al.*, ) | United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Gary Michael Sprouse, proceeding *pro se*, has filed a civil rights complaint in which he complains about events that occurred at Middle River Regional Jail. His complaint names ten defendants. The matter is before the court for review pursuant to 28 U.S.C. § 1915A(b)(1).

For the reasons set forth below, the court concludes that Sprouse has failed to state a claim for which relief can be granted, and his claims must be summarily dismissed. However, because it is possible that he may be able to state sufficient additional facts to state a claim against one or more of the defendants related to the alleged denial of mental health care, the court will dismiss the complaint without prejudice and allow Sprouse to file an amended complaint raising only that claim, should he so choose.

I. BACKGROUND

It is unclear to the court exactly what claims Sprouse is asserting in his complaint. He lists all of his factual allegations under a single claim. In it, he states that he was a victim of sexual assault and that he "had meetings or communicated with these people through the kiosk and not once did anyone inform" him of his rights as a victim or of his rights under PREA. (Compl. at 2–3, Dkt. No. 1.) He states that when his assault happened, he reported it and brought it up in multiple grievances and in several meetings, but no one told him about his PREA rights.

Also, at some point, the "PREA app" on the kiosk was taken down, and he has complained about that, as well.

He also states that he requested mental health treatment and received none. (*Id.* at 3.) He states that a defendant he identifies as "Mental health (Brooklyn)" came by one time and gave him eleven pages of information on how to deal with anxiety and depression but did not talk with him about what had happened to him. (*Id.* at 3–4.) He states that he has not received any counseling and that he is in segregation and thinking "about [the assault] non-stop." (*Id.* at 4.) He also reports that he is grinding his teeth "almost constantly," having flashbacks, and not sleeping. He asks for $350,000 in damages.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Sprouse's complaint, the court concludes that it fails to state a claim for which relief can be granted. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**A. Claims Based on a Failure to Advise of PREA Rights**

As to most of the defendants, Sprouse lumps them together, rather than setting forth anything that any specific defendant did or did not do. In any event, the only allegation against them is that they failed to advise him of his rights under the Prison Rape Elimination Act ("PREA"), 42 U.S.C. §§ 15601–15609. As many courts have recognized, however, there is no private cause of action for a violation of PREA. *Cooper v. Duncan*, No. 7:16CV00578, 2017 WL 2271501, at *3 (W.D. Va. May 23, 2017) (citing *Chapman v. Willis*, No. 7:12-cv-00389, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013)); *Taylor v. Worrick*, No. 2:16cv3084, 2016 WL 11190496, at *7 (D.S.C. Nov. 22, 2016) (collecting authority). As the *Cooper* court explained, "[n]othing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act." 2017 WL 2271501, at *3 (quoting *Chapman*, 2013 WL 2322947, at *4). Thus, while nothing in this opinion prevents Sprouse from making a complaint pursuant to PREA or asserting any violation of PREA with the appropriate authorities at the jail, a failure to follow PREA policies or to advise Sprouse of his rights under PREA, does not state a viable claim under 42 U.S.C. § 1983. Thus, any claim based on PREA is subject to dismissal.

**B. Claim of Denial of Mental Health Treatment**

Construing the complaint liberally, Sprouse also may be attempting to raise a claim that defendant "Mental health (Brooklyn)" was deliberately indifferent to a serious medical need of his, and specifically, his mental illness or mental health issues. Sprouse does not indicate whether he is a pretrial detainee, in which case such a claim would be brought under the Fourteenth Amendment, or whether he is a convicted prisoner, in which case his claim would be brought under the Eighth Amendment. Either way, he has failed to include adequate factual allegations to state a claim.

As an initial matter, it is unclear based on his allegations whether Brooklyn is the name of an individual. If Brooklyn is a particular person, it also is unclear what this person's position was or what Sprouse told him or her about his mental health issues. It also is unclear when Sprouse first reported any symptoms (or when Brooklyn first learned of any symptoms), how long it took to provide him with the printed information about anxiety and depression, and whether he has asked for any treatment from Brooklyn (or anyone) since he was given the printed information.

To state a constitutional claim as a pretrial detainee based on a prison official's deliberate indifference to a serious medical need, Sprouse must at least meet the objective component of a deliberate indifference claim, which is that the defendant's conduct put him at a substantial risk of serious harm. *Cf. Moss v. Harwood*, 19 F.4th 614, 624 & n. 4 (4th Cir. 2021).[1] He has not alleged facts sufficient to plausibly state such a claim. Other than describing some symptoms, he has not stated that he has been diagnosed with any mental condition or illness, nor does he allege that he complained to anyone about those symptoms.

If he is a convicted prisoner, then Sprouse must plead facts that plausibly allege both the objective and subjective components of deliberate indifference. *Id.* at 624. In addition to failing to set forth facts to satisfy the objective prong, as set forth in the preceding paragraph, Sprouse also must allege that defendants "subjectively recognized" that there was a substantial risk of serious harm to him and that their "actions were inappropriate in light of that risk." *Id.* (citations omitted). His sparse allegations do not meet this standard, either.

---

[1] The Supreme Court has held that pretrial detainees bringing excessive force claims are no longer required to satisfy the subjective component for such a claim. *Kingsley v. Henderson*, 576 U.S. 389 (2015). Neither the Fourth Circuit nor the Supreme Court has extended *Kingsley* to deliberate indifference claims, however. *See Moss*, 19 F.4th at 624 n.4. In *Moss*, the court declined to reach the issue because the parties agreed that the Eighth Amendment standard, including the subjective component, applied.

## III. CONCLUSION

For the foregoing reasons, the court will summarily dismiss Sprouse's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim of deliberate indifference concerning the alleged denial of mental health care, the court dismisses that claim without prejudice and will allow Sprouse an opportunity to file an amended complaint asserting only that claim against any appropriate defendants, if he so chooses.

An appropriate order will be entered.

Entered: June 23, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge